124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leander CARTER, et al., Plaintiffs-Appellants,
v.
William O'SULLIVAN, et al., Defendants-Appellees.
 No. 95-3851.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 30, 1997.
 
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 MILLS
 
 1
 Leander Carter, Ronald Wren, Donald Stroud and Wayne Lemons, inmates at the state of Illinois' Western Illinois Correctional Center ("WICC"), appeal the district court's denial of their motion for a temporary restraining order and/or preliminary injunction against several employees of the Illinois Department of Corrections, AT & T and two of its employees.[1] The inmates brought suit under 42 U.S.C. § 1983, alleging that a new computerized collect-call telephone system at the WICC deprives them of freedom of speech and association, the right to the assistance of counsel under the Sixth Amendment and their due process right of meaningful access to the courts. We affirm.
 
 
 2
 Prior to November 1994, WICC inmates were permitted to make an unlimited number of operator-assisted collect telephone calls to anywhere in the United States. Inmates were not required to provide prison officials with the names or telephone numbers of anyone they were calling.
 
 
 3
 In November 1994, the WICC began using a computerized collect-call telephone system. To activate the system, inmates must use a personal identification number ("PIN"), though exceptions are permitted in emergency situations. An inmate using the system must provide WICC officials with a list of up to 30 individuals he desires to call, including their address and relationship to the inmate. All telephone calls are subject to monitoring and recording with the exception of those made to attorneys. Prison officials verify that the person named as an attorney is a member of the Illinois bar and then activate software that prevents the monitoring and recording of calls placed to that attorney's telephone number.
 
 
 4
 The new telephone system automatically cuts off inmate calls if the recipient attempts to transfer the call to a third party. consequently, an inmate must provide a direct-dial number for his attorney, as call transfers from a secretary would activate the cut-off feature. The WICC has, in a few cases, overridden the cut-off feature to verified attorneys who had no direct dial number. The cut-off feature prevents inmates from circumventing the system by calling persons who have requested the WICC to block their telephone number for personal or billing-related reasons, or with whom the WICC has blocked communication because the recipients were found to be engaging in illegal activity or posing a threat to safety and security. AT & T also employs the cut-off feature to prevent potential fraud and billing problems.
 
 
 5
 The inmates filed a motion for a temporary restraining order and/or a preliminary injunction, requesting the district court to enjoin the defendants from implementing the new collect-call system and, thereby, violating the inmates' rights under the First, Sixth, and Fourteenth Amendments. The district court denied the motion, and the inmates appeal.[2]
 
 
 6
 To prevail on a motion for a preliminary injunction, the "moving party must meet the threshold burden of establishing (1) some likelihood of prevailing on the merits; and (2) that in the absence of the injunction, he will suffer irreparable harm, for which there is no adequate remedy at law." Roth v. Lutheran General Hosp., 57 F.3d 1446, 1453 (7th Cir.1995). We review the district court's legal conclusions de novo. Stewart v. Taylor, 104 F.3d 965, 970 (7th Cir.1997).
 
 
 7
 The inmates allege that there were delays of "up to at least 20 days" in being able to make attorney calls, and that the new telephone system on isolated occasions "intentionally cuts off attorney calls." In this regard, the inmates have shown no specific prejudice to pending or contemplated litigation. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996). Conclusory allegations of prejudice are insufficient. Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1990).
 
 
 8
 The inmates argue that prison officials have "not met existing United States Supreme Court standards with regard to the [inmates] access to the telephone system...." Their brief, however, does not direct us to any standards enunciated by the Supreme Court that have not been met by prison officials.
 
 
 9
 Finally, the inmates contend that prison regulation 525.150, which provides that inmates may call "anyone in the free community anywhere in the continental United States and Puerto Rico," should have been amended before the new system was enforced. They argue that the district court should have applied the rationale of Washington v. Reno, 35 F.3d 1093 (6th Cir.1994), which they claim found that existing phone use regulations created a liberty interest and that the Federal Bureau of Prisons had violated the Administrative Procedures Act in amending an existing rule governing phone use. Washington says nothing of the sort; it held that the replacement of a collect-call system with a direct-dial system, in which inmates were allowed to list 30 numbers on call lists, was not a free speech violation. Id. at 1099-1100. Moreover, liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The introduction of the new computerized collect-call system at the WICC did not deprive the inmates of any liberty interests.
 
 
 10
 The inmates have neither prevailed on the merits nor established irreparable harm. AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The inmates named the following individuals as defendants: William O'Sullivan, warden at the WICC; Ian Oliver and Jon Heckel, assistant wardens at the WICC; Angela Cross, WICC telecommunications coordinator; John Johnson, WICC business administrator; Odie Washington and Leo Meyer, director and deputy director of the Illinois Department of Corrections, respectively; Stephen Schnorf, director of the Illinois Department of Central Management Services, which procures and manages all telecommunications services for the State of Illinois; and Donna Bowen and John Powell, AT & T employees
 
 
 [2]
 On May 27, 1997, we dismissed the inmates' appeal of the district court's grant of summary judgment in favor of the defendants for failure to prosecute